UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ERIC RICHARDSON,

                              Plaintiff,

              -against-

Detective EDWARD MCBRIDE, Shield No. 1256; Police Officer LEONARD CLARKE, Shield No. 27183; Sergeant JEAN DESIR, Shield No. 3064; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 4465 (JBW) (RER)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Eric Richardson ("plaintiff" or "Mr. Richardson") is a resident of Kings County in the City and State of New York.

7.     Defendant Detective Edward McBride, Shield No. 1256 ("McBride"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McBride is sued in his individual and official capacities.

8.     Defendant Police Officer Leonard Clarke, Shield No. 27183 ("Clarke"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Clarke is sued in his individual and official capacities.

9.     Defendant Sergeant Jean Desir, Shield No. 3064 ("Desir"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Desir is sued in his individual and official capacities.

10.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 8:00 a.m. on August 23, 2013, Mr. Richardson was a passenger in his friend's automobile, traveling in the vicinity of Clarkson and Bedford Avenues in Brooklyn, New York.

14. The defendant officers pulled the vehicle over, lacking reasonable suspicion to do so.

15. The defendant officers conducted an unlawful search of plaintiff, his friend and the friend's vehicle.

16. Mr. Richardson had nothing illegal in his possession.

17. The officers then falsely arrested Mr. Richardson on drug sale and possession charges, even though they lacked probable cause to arrest him for any crime or offense.

18. Plaintiff was handcuffed and driven to a police precinct.

19. At the precinct, the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Richardson, *inter alia*, commit a drug sale and possess drugs and prepared false police paperwork regarding

the circumstances of Mr. Richardson's arrest.

20. At no time did the officers observe Mr. Richardson commit any crime or offense.

21. Mr. Richardson was taken to Brooklyn Central Booking, held overnight, arraigned and released on his own recognizance.

22. Mr. Richardson was compelled to return to court repeatedly to defend the criminal charges.

23. After refusing prosecutors' offers, including adjournment of the case in contemplation of dismissal, all of the criminal charges were dismissed.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By their conduct, as described herein, defendants are liable to plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      December 15, 2014
            New York, New York

                              HARVIS WRIGHT & FETT LLP

                              _____
                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@hwf.nyc

                              *Attorneys for plaintiff*